CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 27 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA K. MONK, (*Ashley Nicole Monk, child*), | CASE NO. 4:06CV00075 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | |

This challenge to a Law Judge's November 15, 2006 final decision denying plaintiff's claim for Supplemental Security Income (SSI) benefits (child's disability), is before the court on the defendant's motion to dismiss for lack of jurisdiction. The action has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) to conduct proceedings and to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING the Commissioner's motion to dismiss, and DISMISSING this action from the docket of the court.

On April 28, 2005, plaintiff protectively filed an application for SSI benefits on behalf of her minor child, Ashley Nicole Monk. (Commissioner's Brief, p. 1.) The application was denied initially and upon reconsideration, and plaintiff made a timely request for a hearing. (Paul G. Halse Declaration, Exh. 1, p. 4; Comm's Br., p. 1.) An Administrative Law Judge ("Law Judge") held a hearing, and on November 15, 2006, plaintiff's application was denied. (Halse Declaration, ·Exh. 1, pp. 4-16.) A copy of the decision was mailed to plaintiff on November 15, 2006, and she was informed of her right to request a review of the decision by the Appeals Council within sixty days from the date of receipt of the notice. (Halse Declaration, Exh. 1, pp. 1-3.) Plaintiff did not

file a request for review with the Appeals Council. (Comm's Br., p. 2.) On November 22, 2006, plaintiff instituted this action. (Halse Declaration, pp. 2-3; Dkt. No. 1)

In the brief filed in support of his motion to dismiss, the Commissioner argues that the case should be dismissed on the basis that plaintiff failed to exhaust her administrative remedies. (Comm's Br., pp. 2, 4-5.) Specifically, the Commissioner contends that plaintiff instituted this civil action without first seeking review of the Law Judge's November 15, 2006 decision by the Appeals Council. (Comm's Br., p. 5.)

Plaintiff argues that the case should not be dismissed because she called the Appeals Council and was told that she could file the civil action related to this claim in February 2007, which she believes she did. (Plaintiff's Opposition, p. 2.) Furthermore, plaintiff contends that "the Lord he knows" her child is disabled, they love the child, and they need the money the child would get if her application for SSI benefits is granted. (Pl's Oppos., pp. 3-4.)

The jurisdictional basis for judicial review of final decisions under the Social Security Act is set forth in 42 U.S.C. § 405(g), which provides, in pertinent part, that a civil action must be commenced within sixty days after a "final decision" of the Commissioner. The term "final decision" is not specifically defined but has been left up to the Commissioner to regulate. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The Commissioner's regulations require a claimant to complete a four-step administrative process before an administrative decision becomes final and reviewable by the courts. 20 C.F.R. § 404.900(a). If the claimant does not pursue each step in the process, the last determination or decision becomes final and binding. 20 C.F.R. § 404.905.

Under the regulations, an initial determination first is made on a claim for benefits. 20

C.F.R. § 404.902. If the clamant is dissatisfied with this determination, he/she may request reconsideration. 20 C.F.R. § 404.907. If the claimant is dissatisfied with the outcome on the reconsideration, he/she may request a hearing before a Law Judge. 20 C.F.R. § 404.929. Should the Law Judge's decision be adverse, the claimant then must request a review of the decision by the Appeals Council lest the Law Judge's decision become final. 20 C.F.R. § 404.967. The Appeals Council may deny the claimant's request for review and allow the Law Judge's decision to stand as the Commissioner's final decision, or it may grant the request for review and issue its own decision. 20 C.F.R. § 404.981. In either case, only then, and within sixty days of the date of the Appeals Council's decision, may the claimant seek judicial review of what has become the Commissioner's final determination. *Id.* In other words, judicial review is available only after the claimant completes the administrative process and receives a decision by Appeals Council either denying review or rendering an adverse determination of its own.

Plaintiff has offered a rather confusing response to the Commissioner's motion. In a March 22, 2007 communication to the court, she states that "I got a letter date (sic) in January 2007 unfavorable and that is when I filed civil court for Ashley. I also fax to Carol Hollis Ashley (sic) medical statements...Someone working on Ashley (sic) case I didn't know why I was told 3-22-07 from Carrry (sic) at the Appeals [Council] I had appeal her case January 25-07 I didn't I appeal Dec-2006. " (Dkt. No. 9.)[1] In response to defendant's motion, plaintiff offered that she sent a facsimile to "Janet Anderson Nov-2006 so the Appeals Council review Ashley case 703-605-7411 then I fax more evidence to Janet Anderson I called Appeals Council in January 2007 to check...I got a letter from Mr. Ray Appeals Judge saying that they was going by what the ALJ

---

[1] The letter is dated March 22, 2007. However, it was docketed with the court on March 26, 2007. (Dkt. No. 9.)

decision." Pl.'s May 15, 2007 Letter. (Dkt No.13.) Then she offered, "I called the Appeals Council...again in February 2007 a lady answer (sic)...and said I could file civil (sic) and that what I did in February 2007." *Id.* On these premises, she opposes dismissal. While entirely sympathetic to plaintiff's plight on behalf of this child as well as others of her children, the undersigned believes plaintiff is terribly confused.

The docket of the court reveals that plaintiff instituted this action on *November 22, 2006*, not in February 2007. (Dkt. No. 1.) This court's records reveal that plaintiff has instituted three *pro se* actions relating to the Commissioner's denials of benefits for her children, and it seems as though the historical events in those cases have begun to blend together for her. *See also Monk v. Astrue*, 4:06CV00073; *Monk v. Astrue*, 4:07CV00003.[2] There is nothing in the record of this case indicating, and plaintiff does not allege, that she filed a timely request with the Appeals Council for review of the instant Law Judge's November 15, 2006 decision **before** she instituted this action. While she may have been submitting additional evidence in one or more of the cases, the record here fails to show that she actually sought review of the Law Judge's decision denying benefits by the Appeals Councils within the requisite time period. Equally as important, there is nothing before the court to indicate the Council either had, or has ever, denied or granted review of the Law Judge's decision on this claim. Thus, the undersigned cannot find that the court had jurisdiction under 42 U.S.C. § 405(g) to review what essentially was the Law Judge's denial of benefits at the time she instituted this action.

---

[2]On May 8, 2007, the undersigned filed a Report and Recommendation in *Monk v. Astrue*, Civil Action No. 4:06CV00073 in which the undersigned recommended dismissal on the basis plaintiff failed to timely file an action for judicial review of an actual final decision by the Appeals Council. In that case, plaintiff recounted essentially the same underlying circumstances, but revealed that her actions related to her request of the Council to reopen, not an appeal of the Law Judge's decision, which it denied.

4

For these reasons, it is RECOMMENDED that an order enter GRANTING the Commissioner's motion to dismiss and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

6/27/07
Date