IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA K. MONK,<br>    *(Ashley Nicole Monk, child)*,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 4:06CV00075<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before me is the *Report and Recommendation* of the United States Magistrate Judge B. Waugh Crigler. The Magistrate Judge recommends granting the Defendant's motion to dismiss for lack of subject matter jurisdiction because the Plaintiff did not exhaust her administrative remedies prior to instituting this action. I have reviewed the Magistrate Judge's *Report and Recommendation*, as well as the Plaintiff's *Objections*. The matter is now ripe for decision.

For the reasons stated below, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** the Plaintiff's *Objections*. I will **GRANT** the Defendant's *Motion to Dismiss* for lack of subject matter jurisdiction. Accordingly, this case will be **DISMISSED** from the docket of this Court.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI benefits on behalf of her minor child, Ashley Nicole Monk on April 28, 2005. The application was denied initially and upon reconsideration, and Plaintiff made a timely request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing and on November 15, 2006, he denied Plaintiff's

1

application. A copy of the ALJ's decision was mailed to Plaintiff on November 15, 2006, and she was informed of her right to request a review of the decision by the Appeals Council within sixty days from the date of receipt of the notice. Plaintiff did not file a request for review with the Appeals Council. On November 22, 2006, Plaintiff instituted this action.

The Commissioner argued that the case should be dismissed on the basis that Plaintiff failed to exhaust her administrative remedies. Failure to exhaust administrative remedies means the District Court has no subject matter jurisdiction over this case. Because Plaintiff did not seek review of the ALJ's November 15 decision with the Appeals Council, there was no "final decision" to review.

Plaintiff argued in response that the Appeals Council erroneously informed her that she could file a civil action related to this claim in February 2007, which she asserts she did. Therefore, Plaintiff claims that the case should not be dismissed.

The Magistrate Judge B. Waugh Crigler found that Plaintiff did not exhaust her administrative remedies, and therefore that the court was without jurisdiction to review the case. Judge Crigler recommends that I dismiss this case for lack of jurisdiction.

## II.    STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. Specifically, Congress provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (2007). This is the exclusive means of review by any governmental agency or court of the Commissioner's final decision. 42 U.S.C. § 405(h) (2007). The requirement of a "final decision" is waivable by the government, and its definition is left to the Commissioner to regulate. *Weinberger v. Salfi*, 422 U.S. 749, 763-67 (1975).

The Commissioner's regulations require a claimant to complete a four-step administrative process before an administrative decision becomes "final" for purposes of judicial review under § 405(g). 20 C.F.R. § 404.900(a). There is an expedited appeals process available where a claimant accepts all findings of fact and the application and interpretation of controlling laws but challenges part of the laws as unconstitutional, in which case immediate review by the Federal district court is permitted. *Id.* at 404.900(a)(6). Apart from the exception for a constitutional challenge, if the claimant does not pursue each step in the administrative process, the last determination or decision becomes final and binding and no judicial review is available. 20 C.F.R. § 404.905. There is therefore no subject matter jurisdiction for judicial review by a court if a claimant does not exhaust her administrative remedies in compliance with the Commissioner's regulations. In a case where the court lacks jurisdiction of the subject matter, the court must dismiss the case on the motion of a party or *sua sponte*. Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

The record does not reflect any reason to sustain Plaintiff's objections to the Magistrate Judge's findings. Judge Crigler found that the Plaintiff did not seek administrative review of the ALJ's decision within the sixty day time period specified by the regulations. Therefore, Plaintiff did not exhaust her administrative remedies and there was not a "final decision" rendered by the Commissioner. There is no subject matter jurisdiction in this case, and I must therefore adopt the

3

Magistrate Judge's findings and dismiss this case.

Plaintiff's *Objections* to the Magistrate Judge's *Report and Recommendation* deal chiefly with the merits of the underlying proceeding before the administrative law judge. However, I have no jurisdiction to review this case on the merits, given my conclusion that Plaintiff did not exhaust her administrative remedies.

## IV.   CONCLUSION

For the reasons stated herein, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** Plaintiff's *Objections*. I **GRANT** Defendant's *Motion to Dismiss* and this case is hereby **DISMISSED** from the docket of this Court. The clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and to the Plaintiff.

Entered this 12th day of September, 2007.

s/Jackson L. Kiser
Senior United States District Judge

4